# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 19-03121-01-CR-S-MDH |
| TYRONE WALLACE, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is the issue of Defendant's competency to stand trial under 18 U.S.C. § 4241. The findings of the Report and Recommendation are incorporated herein. Defendant is currently hospitalized at the Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP") pursuant to a commitment under 18 U.S.C. § 4246 entered on May 22, 2018. He has since been charged in this case with assaulting another person at the MCFP in violation of 18 U.S.C. § 113(a)(6). On June 5, 2020, defense counsel filed a Motion for Psychiatric and Psychological Examination. (Doc. 29.) On June 8, 2020, the undersigned ordered Defendant's commitment for a psychiatric or psychological examination pursuant to Section 4241(b). The examination was conducted at the MCFP by Lea Ann Preston Baecht, Ph.D., Forensic Psychologist, who prepared a report dated December 4, 2020. (Doc. 39.) On February 18, 2021, a hearing was held. Defendant appeared in person with his attorney, Jason Coatney, and the Government was represented by Patrick Carney. (Docs. 41, 42.) Dr. Baecht's report was the only evidence presented at the hearing. (Doc. 42 at 2-3.)

Per Dr. Baecht's report, the examination consisted of a clinical interview and a review of documents. (Doc. 39 at 2-3.) Dr. Baecht diagnosed Defendant with the mental disease of "Schizophrenia, Continuous," with symptoms of "prominent paranoid delusional ideation as well as hallucinations" that are "chronic and severe and markedly impair his ability to function." *Id*. at 13. During the interview, Defendant displayed an adequate factual understanding of the pleas available to him and of the roles of the persons involved in this action. *Id*. at 14. However, he described at length his delusional beliefs that he has been abducted and held hostage by the government and that he is not currently charged with a crime, along with a defense strategy "rooted in his delusional belief system." *Id*. Defendant also "expressed significant paranoid ideation regarding his defense counsel and indicated he had no intention of working with his defense counsel as a result." *Id*. Based on these delusional beliefs, which "hinder his ability to communicate meaningfully, testify rationally, and make well-reasoned decisions," Dr. Baecht concluded that Defendant "does not have a rational and factual understanding of the nature and potential consequences of the proceedings against him nor the ability to assist properly in his defense." *Id*. at 15.

Based on Dr. Baecht's unchallenged expert opinion, the Government recommends that the Court find that Defendant is incompetent to stand trial. This Court finds by a preponderance of the evidence that Defendant is presently suffering from a mental disease rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Report and Recommendation is adopted, and it is **ORDERED** pursuant to § 4241(d), that Defendant be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, to determine

whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

**IT IS SO ORDERED.**

Dated: March 15, 2021                                                              　　/s/ Douglas Harpool　　
                                                                                                     **DOUGLAS HARPOOL**
                                                                                                     **United States District Judge**