IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-03121-01-CR-S-MDH |
| | ) |
| TYRONE WALLACE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is the issue of Defendant's mental competency to stand trial. This matter was referred to the Magistrate Judge. As follows, the Court finds there is not a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the proceedings to go forward. As a result, the Court adopts the Report and Recommendation (Doc. 52.) and hereby **ORDERS** that Defendant not be hospitalized pursuant to 18 U.S.C. § 4241(d)(2) for any additional period of time.

In this matter, Defendant is charged with assaulting another person at the Medical Center for Federal Prisoners ("MCFP") in Springfield, Missouri in violation of 18 U.S.C. § 113(a)(6). On March 15, 2021, the Court found by a preponderance of the evidence that Defendant is, "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense." (Doc. 45.) Accordingly, pursuant to Section 4241(d), the Court committed him to the custody of the Attorney General "for a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *Id*. Defendant was

1

evaluated at the MCFP from April 6 to July 15, 2021. Sarah Hampton, Ph.D., Forensics Unit Psychologist, prepared a Forensic Psychological Report of the evaluation dated July 21, 2021. (Doc. 48.)

Dr. Hampton diagnosed Defendant with Schizophrenia based on his "clinically significant number of symptoms, including delusions, hallucinations, and disorganized speech." *Id*. at 14. His persecutory and grandiose delusions include "beliefs about being kidnapped and held hostage by the federal government, having devices implanted in him by the government in order to monitor his and others' behavior, and believing he has a scheme that will make him trillions of dollars." Also, his symptoms persist despite compliance with antipsychotic medication, and "additional increases or changes would be unlikely to affect his competency." *Id*. at 20.

Defendant was interviewed four times during the evaluation period. *Id*. at 15. Although calm and cooperative, "he tended to derail discussion to delusional themes about being kidnapped or held hostage by the government." *Id*. at 15-16. Despite efforts to discuss the charges with him, he "adamantly maintained it is not possible for him to be charged, let alone convicted" for various reasons, including that the statute does not apply to him and that the charges are illegitimate because he has been kidnapped. *Id*. at 16-17. He also displayed "significant paranoid ideation regarding" the motivations of the judge as "racist, biased" and of his attorney. *Id*. at 17-18. Specifically, he stated he would only trust a defense attorney who would proceed with a defense strategy based on his delusional ideation. *Id*. at 18. In summary, Dr. Hampton opined that Defendant's competency issues "are not related to a lack of basic, factual knowledge. Instead, his deficits are apparent when asked to apply this knowledge to his own case and situation, at which time his thinking becomes overtly illogical, irrational, and delusionally-based[, which] impedes his ability to properly assist in his defense." She further observed that his delusional beliefs "have

held firm for several years without wavering" and persisted throughout the evaluation despite recent medication increases. *Id*. at 19.

The Court held an evidentiary hearing on August 25, 2021. (Doc. 50.) Defendant appeared in person with his attorney, Jason Coatney, and the Government was represented by Patrick Carney. *Id*. Dr. Hampton's report was the only evidence presented. (Doc. 51 at 2.)

As set forth in Dr. Hampton's report, despite receiving competency restoration treatment and antipsychotic medication throughout the evaluation period, Defendant's long-standing delusional beliefs and disorganized thinking persist unabated and prevent him from rationally understanding the nature and consequences of the proceedings against him or assisting properly in his defense. Thus, in accordance with Dr. Hampton's unchallenged opinion, the Court finds there is not a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the proceedings to go forward. It is therefore **ORDERED** that Defendant be declared incompetent and unlikely to attain the capacity to permit the proceedings to go forward in the foreseeable future, and that the commitment under Section 4241(d) not be extended for any additional period of time. Ordinarily, Defendant would then be "subject to the provisions of section[] 4246[.]" 18 U.S.C. § 4241(d). However, because he is already hospitalized pursuant to an ongoing commitment under Section 4246, an order to evaluate Defendant for dangerousness would be redundant and unnecessary.

**IT IS SO ORDERED.**

Dated: September 14, 2021     */s/ Douglas Harpool*
                              **DOUGLAS HARPOOL**
                              **United States District Judge**